UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Nathaniel Sims,

    Plaintiff,

v.      10-3193

Roger E. Walker et al.,

    Defendant.

### Order on Petition to Proceed In forma Pauperis

The plaintiff's Complaint states that he filed this case while he was incarcerated, but a letter from Western Illinois Correctional Center indicates that the plaintiff was released on parole in November, 2008, and discharged from parole in July, 2009. (d/e 5). Accordingly, it does not appear that this case is subject to the Prison Litigation Reform Act.

However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

Federal Rule of Civil Procedure 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff alleges that his parole was reinstated in October, 2008, but that the defendants then conspired to keep him in prison, telling him that his parole site had been denied.

His parole site, though, was his grandmother's house, and she did not deny the plaintiff's request to stay there.  Additionally, the plaintiff had several siblings who would have agreed to host the plaintiff.  The defendants ignored or refused all of the plaintiff's attempts to get to the bottom of the parole denial.

Since the plaintiff's parole has been discharged, he is no longer "in custody" for habeas corpus purposes, meaning that he cannot pursue a habeas corpus claim.  Accordingly, at this point the court cannot conclude that a § 1983 claim is procedurally inappropriate.  The plaintiff's claim seems to be that the defendants conspired to keep him in prison when he had already been released on parole.  The court believes that this claim warrants further development.  *See Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)("...if through deliberate indifference to the requirements of state law the correctional officials kept him imprisoned too long, his Eighth Amendment rights were violated . . ."); *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005)(parole officers not absolutely immune for failing to investigate inmate's claim that his parole was erroneously revoked).  Accordingly, the plaintiff's in forma pauperis petition will be granted.

IT IS THEREFORE ORDERED:

1) The plaintiff's petition to proceed in forma pauperis is granted (d/e 2).

2) The clerk shall prepare for each Defendant: 1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and 2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Scheduling Order to each Defendant's work address or employer address as provided by Plaintiff. If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

3) With respect to a defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

4) This case is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 5, 2010, at 10:00 a.m. before the Honorable Harold A. Baker, by telephone conference.

5) The plaintiff must immediately notify the court of any change in his mailing address and telephone number. Failure to notify the court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice.

6) The merit review hearing scheduled for September 21, 2010, is cancelled as unnecessary.

7) The plaintiff's motion for appointment of counsel is denied as premature (d/e 8), with leave to renew after the defendants have been served and have appeared.  When the plaintiff renews his motion for appointment of counsel, he should attach copies of written responses he received from lawyers denying his request for representation.

Entered this 17th  Day of September, 2010.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE